IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BOX, #1771236,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | 3:13-CV-1613-K-BK |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>　　　　Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a *pro se* state prisoner, filed a petition for *Discretionary Review* following the affirmance of his state court conviction for burglary of a habitation. *Box v. State*, No. 05-12-00421-CR, 2013 WL 1319359 (Tex. App. -- Dallas, Mar. 28, 2013). It is clear from his pleading that the petition was filed in this Court in error, and that it was intended for filing with the Texas Fifth Court of Appeals at Dallas. Therefore, this action should be administratively closed.

Alternatively, liberally construing the petition to seek federal habeas relief, this action should be dismissed for failure to exhaust state court remedies. A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court"). Here, Petitioner has not satisfied the exhaustion requirement because he has yet to present the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for

discretionary review or in an application for a state writ of habeas corpus under TEX. CODE CRIM. PROC. art. 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that this action be **ADMINISTRATIVELY CLOSED**.  Alternatively, this action should be **DISMISSED** for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).[1]

The Clerk of the Court is **directed** to provide to Petitioner a copy of the petition for *Discretionary Review* he initially submitted (Doc. 3).  Petitioner is advised that he must file his petition for *Discretionary Review* himself.  This Court will not forward his petition for *Discretionary Review* to the state court for filing.

SIGNED April 29, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.  Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                RENÉE HARRIS TOLIVER
                                                UNITED STATES MAGISTRATE JUDGE